## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TURISCHEVIA J. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-00407-JD |
| | ) | |
| TAMIKA WHITE, WARDEN, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## <u>ORDER</u>

Before the Court is the Report and Recommendation issued by United States

Magistrate Judge Shon T. Erwin on May 24, 2024. [Doc. No. 10]. Judge Erwin

recommends that the Court dismiss pro se Petitioner Turischevia J. Harris's Petition for a

Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") [Doc. No. 8][2] for failure to

exhaust state court remedies. Judge Erwin advised Petitioner of her right to object to the

Report and Recommendation by June 10, 2024, and that failure to object to the Report

---

[1] The Petition [Doc. No. 8] names Mabel Bassett Correctional Center as
Respondent. However, as stated in the Report and Recommendation, which—as set forth
below—is accepted in full by the Court without objection, the warden of the facility
where Petitioner is held is the correct respondent, which here is Tamika White. [Doc. No.
10 at 1 n.1]; *see* Rule 2(a) of Rules Governing Section 2254 Cases in the United States
District Courts (explaining that if the petitioner is currently in custody under a state-court
judgment, the petition must name as the respondent the state officer who has custody);
*see also* Okla. Dep't of Corr. Offender Search, available at https://okoffender.doc.ok.gov/
(last visited June 27, 2024) (showing that Petitioner's current facility is Mabel Bassett
Correctional Center in McLoud, Oklahoma).

[2] Petitioner's amendment "supersedes the original and renders it of no legal
effect." *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991); *see also
Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1180–81 (10th Cir.
2015); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).

and Recommendation would waive appellate review of the findings and recommendations in the Report and Recommendation.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). Here, Petitioner did not object, did not request an extension of time to object, and has not filed anything since the issuance of the Report and Recommendation.

With no objection, and upon its review of the record, the Court ACCEPTS the Report and Recommendation [Doc. No. 10] in full and DISMISSES the Petition without prejudice. The Court also DENIES a certificate of appealability under Rule 11 of the Habeas Rules, as reasonable jurists could not conclude either that the Court erred in its ruling or that the issues presented should be allowed to proceed further in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED this 27th day of June 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE